People v Evans (2018 NY Slip Op 00037)





People v Evans


2018 NY Slip Op 00037


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5356 6065/08

[*1]The People of the State of New York, Respondent,
v
Andre Evans, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered March 7, 2011, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 24 years to life, unanimously affirmed.
The record supports the court's finding that a witness's unavailability to testify at trial "was procured by misconduct on the part of defendant" (People v Geraci, 85 NY2d 359, 366 [1995]), and therefore that the witness's grand jury testimony could be introduced at trial. Evidence that the witness, who testified at the grand jury proceeding related to another defendant, was very reluctant to testify "in public" even before defendant's companions made attempts to intimidate her at defendant's behest does not vitiate the court's conclusion that defendant's "misdeeds were a significant cause of the witness's decision not to testify" (People v Smart, 23 NY3d 213, 220 [2014]). Accordingly, defendant forfeited his right to confront this witness. In any event, any error was harmless in view of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
By failing to object, by making generalized objections, or by failing to request further relief after the court took curative actions, defendant failed to preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the remarks at issue generally constituted reasonable comments on the evidence and fair responses to the arguments advanced in the defense summation (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]). To the extent any of the prosecutor's comments, viewed in isolation, were inappropriate, they were not so egregious as to warrant reversal (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]), particularly in light of the overwhelming evidence of guilt.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK